UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PET TECHNOLOGIES, INC.,

    Plaintiff,

v.

JEMA MEDIA, LLC, et al.,

    Defendants.
_____/

Case No. 2:14-cv-10902
Hon. Matthew F. Leitman

## **CONSENT JUDGMENT**

Plaintiff, PET TECHNOLOGIES, INC., and Defendants, JEMA MEDIA, LLC, SERO MEDIA, LLC, and JEFFREY W. LONG, have settled the above-captioned action and request entry of this Consent Judgment.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over the Parties to this Consent Judgment and over the subject matter of the above-captioned action.

2. Definitions.

    (a) As used in this Consent Judgment, "inMotion" shall mean and include Plaintiff, Pet Technologies, Inc., in the above-captioned action.

    (b) As used in this Consent Judgment, "Jema" shall mean and include Defendant, Jema Media, LLC, in the above-captioned action and, in the event Jema Media, LLC, changes its legal name, that newly-named company.

(c) As used in this Consent Judgment, "Sero" shall mean and include Defendant, Sero Media, LLC, in the above-captioned action and, in the event Sero Media, LLC, changes its legal name, that newly-named company.

(d) As used in this Consent Judgment, "Long" shall mean and include Defendant, Jeffrey W. Long, in the above-captioned action.

(e) As used in this Consent Judgment, "Parties" shall mean and include Plaintiff, Pet Technologies, Inc., and Defendants, Jema Media, LLC, Sero Media, LLC, and Jeffrey W. Long, in the above-captioned action.

(f) As used in this Consent Judgment, "Defendants" shall mean and include Defendants, Jema Media, LLC, Sero Media, LLC, and Jeffrey W. Long, in the above-captioned action.

(g) As used in this Consent Judgment, "Settlement Amount" shall mean and include the sum total referenced in Paragraph 1 of the parties' Confidential Settlement Agreement.

3. In consideration of the premises and the mutual promises, covenants, representations and warranties contained herein, payment of the full Settlement Amount and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto, including their past and present members, officers, agents, assigns, employees, consultants, servants, attorneys, and

others acting or purporting to act of their behalf, intending to be legally bound by the terms hereof, covenant and agree as follows:

(a) inMotion is involved in developing, maintaining, and licensing software for a scalable advertisement management platform, called the inClick Ad Server (the "inClick Platform").

(b) On or before April 22, 2015, Jema and/or Sero paid to inMotion the full Settlement Amount in accordance with Paragraph 1 of the parties' Confidential Settlement Agreement.

(c) The Source Code and Object Code License that inMotion and Jema entered into on or about July 10, 2012, and which is the subject of inMotion's Count I against Jema for Breach of Contract, is terminated and replaced by the software license terms contained in Paragraph 3(d) below.

(d) inMotion hereby grants to Jema a limited, non-exclusive, non-assignable, non-transferrable, non-sublicensable, royalty-free, perpetual license: (1) to install the inClick Platform *solely* on a single domain only (the "Jema Single Domain"); and (2) to prepare derivative works of the inClick Platform *solely* for use by Jema on the Jema Single Domain. All other exclusive rights belonging to inMotion under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, including, without limitation, the right to distribute copies of the inClick Platform to any party other than Jema by sale or other transfer of

ownership, or by rental, lease, or lending, and to display the inClick Platform's code publicly, remain the exclusive rights of inMotion.  As of the date of this Consent Judgment, the Jema Single Domain is JemaMedia.com.  Should Jema elect to forever surrender and deactivate its then extant Jema Single Domain in favor of a new single domain, Jema must first certify in writing to inMotion its election in accordance with Paragraph 3(g), below, in order for the new single domain to be considered the Jema Single Domain.  Except as explicitly set forth above, Jema is granted *no* right to install the inClick Platform on any domain other than the Jema Single Domain or to prepare derivative works of the inClick Platform for use on any domain other than the Jema Single Domain, whether or not said domain(s) are also owned by Jema and/or Sero.  In the event Jema breaches any material provision of the license granted in this Paragraph 3(d), and provided the breach can be remedied, does not remedy such breach within thirty (30) days after receipt of written notice of such breach, inMotion may thereupon immediately terminate said license.

(e)   inMotion hereby grants to Sero a limited, non-exclusive, non-assignable, non-transferrable, non-sublicensable, royalty-free, perpetual license: (1) to install the inClick Platform *solely* on a single domain only (the "Sero Single Domain"); and (2) to prepare derivative works of the inClick Platform *solely* for use by Sero on the Sero Single Domain.  All other exclusive rights

belonging to inMotion under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, including, without limitation, the right to distribute copies of the inClick Platform to any party other than Sero by sale or other transfer of ownership, or by rental, lease, or lending, and to display the inClick Platform's code publicly, remain the exclusive rights of inMotion.  As of the date of this Consent Judgment, the Sero Single Domain is SeroAds.com.  Should Sero elect to forever surrender and deactivate its then extant Sero Single Domain in favor of a new single domain, Sero must first certify in writing to inMotion its election in accordance with Paragraph 3(g), below, in order for the new single domain to be considered the Sero Single Domain.  Except as explicitly set forth above, Sero is granted *no* right to install the inClick Platform on any domain other than the Sero Single Domain or to prepare derivative works of the inClick Platform for use on any domain other than the Sero Single Domain, whether or not said domain(s) are also owned by Jema and/or Sero.  In the event Sero breaches any material provision of the license granted in this Paragraph 3(e), and provided the breach can be remedied, does not remedy such breach within thirty (30) days after receipt of written notice of such breach, inMotion may thereupon immediately terminate said license.

(f) Within five (5) days of the filing of this Consent Judgment, inMotion shall dismiss with prejudice and with each Party bearing its own respective costs and fees, inMotion's Amended Complaint [Dkt. 21] against Defendants in the above-captioned action, including all five (5) Counts pled by inMotion therein. By entering into this Consent Judgment, no Defendant is making an admission of liability with respect to any of the five (5) Counts pled in inMotion's Amended Complaint [Dkt. 21].

(g) Any notice or certification which under the terms of this Consent Judgment must be given to a Party shall be in writing and delivered personally or by nationally recognized overnight courier service or by U.S. certified mail, postage prepaid, return receipt requested, or by facsimile or e-mail, addressed to the Party as set forth below. Such notice or certification shall be deemed to have been given or made upon receipt if delivered personally, one business day following delivery to the overnight courier service if delivered by overnight courier service and three business days following mailing if delivered by certified mail. Any notice or certification delivered by facsimile or e-mail shall be deemed to be given on the date that transmission is received in its entirety in legible form, it being agreed that the burden of proving receipt will be on the sender and will not be met by a transmission report generated by the sender's

facsimile machine or an automated notice returned to the sender upon the opening by noticed Party of e-mail.

*For notice to inMotion:*

> Pet Technologies, Inc.
> 18068 Humber Bridge Drive
> Macomb, Michigan 48042
> Attention: Irvine Pascual
> bpascual@inmotiongroup.com
> fax: (248) 589-0052

*For notice to Jema:*

> Jema Media, LLC
> 7363 E. Adobe Dr. # 115
> Scottsdale, AZ 85255
> Attention: Jeffrey W. Long
> jeff@jemamedia.com
> fax: (866) 662-4024

*For notice to Sero:*

> Sero Media, LLC
> 7363 E. Adobe Dr. # 115
> Scottsdale, AZ 85255
> Attention: Jeffrey W. Long
> jeff@jemamedia.com
> fax: (866) 662-4024

(h)  Defendant Jeffrey W. Long acknowledges and agrees that he has the capacity to execute this Consent Judgment on behalf of, and thereby legally bind, both Jema and Sero.

(i) Irvine Pascual acknowledges and agrees that he has the capacity to execute this Consent Judgment on behalf of, and thereby legally bind, inMotion.

(j) To the extent permitted by law, this Court retains jurisdiction over this matter as necessary to enforce the terms of this Consent Judgment.

(k) This Consent Judgment is a Final Judgment with respect to all matters pled in inMotion's Amended Complaint [Dkt. 21].

(l) The Parties hereto agree to waive any right to appeal from this Consent Judgment or to challenge it in any way.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2015

**AGREED AS TO FORM AND ENTRY:**

| SEE ATTACHED SIGNATURE PAGE<br><br>Irvine Pascual, *Vice President of Pet Technologies, Inc.*<br><br>Dated: _____, 2015<br><br>***On Behalf of Pet Technologies, Inc.*** | SEE ATTACHED SIGNATURE PAGE<br><br>Jeffrey W. Long, *Chief Executive Officer of Jema Media, LLC*<br><br>Dated: _____, 2015<br><br>***On Behalf of Jema Media, LLC*** |
|---|---|
| SEE ATTACHED SIGNATURE PAGE<br><br>Jeffrey W. Long, *Chief Executive Officer of Sero Media, LLC*<br><br>Dated: _____, 2015<br><br>***On Behalf of Sero Media, LLC*** | SEE ATTACHED SIGNATURE PAGE<br><br>Jeffrey W. Long, *Individually*<br><br>Dated: _____, 2015<br><br>***On His Own Behalf*** |

FISHMAN, STEWART & YAMAGUCHI, PLLC

/s/ Thomas A. Hallin  
Thomas A. Hallin (P29740)  
Douglas P. Lalone (P45751)  
Krista M. Hosmer (P68939)  
39533 Woodward Ave., Suite 250  
Bloomfield Hills, MI 48304  
Tel.: (248) 594-0600  
Fax: (248) 594-0610  
thallin@fishstewip.com  
dlalone@fishstewip.com  
khosmer@fishstewip.com  
***Attorneys for Plaintiff***

9

AGREED AS TO FORM AND ENTRY:

_____
Irving Pascual, *Vice President of Pet Technologies, Inc.*

Dated: 4/22, 2015

*On Behalf of Pet Technologies, Inc.*

_____
Jeffrey W. Long, *Chief Executive Officer of Jema Media, LLC*

Dated: 4/21, 2015

*On Behalf of Jema Media, LLC*

_____
Jeffrey W. Long, *Chief Executive Officer of Sero Media, LLC*

Dated: 4/21, 2015

*On Behalf of Sero Media, LLC*

_____
Jeffrey W. Long, *Individually*

Dated: 4/21, 2015

*On His Own Behalf*